UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
KEVIN B. LOVE,  :
                              Plaintiff/Respondent,  :
                                                     :          **MEMORANDUM**
                 -against-                               :          **& AMENDED ORDER**
                                                     :          15-CV-0124 (SMG)
BMW FINANCIAL SERVICES NA, LLC,  :
                 Defendant/Third-Party-Plaintiff/Claimant,  :
                 -against-  :
MARIA LOVE  :
                 Third-Party Defendant/Respondent  :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

**INTRODUCTION**

      In this action, plaintiff Kevin Love asserts, *inter alia*, a violation of the Fair Credit Reporting Act. Plaintiff's claim arises from a motor vehicle lease agreement and, in particular, defendant's contention that plaintiff failed to make certain payments required under the lease. Defendant has counterclaimed and added co-lessee Maria Love as a third-party defendant, seeking to recover the amounts remaining due under the lease after the vehicle was repossessed and sold. The parties have consented to the exercise of jurisdiction by a Magistrate Judge, and the case was accordingly reassigned to me for all purposes. Docket Entries 11, 12.

      The lease agreement at issue includes an arbitration clause. By Order dated January 21, 2016, I granted defendant's motion to compel arbitration. Docket Entry 24. The parties then arbitrated their claims before a neutral arbitrator, who ultimately entered an award in favor of defendant. Award of Arbitrator ("Award"), Docket Entry 54-1. Defendant now moves to confirm that award under Section 9 of the Federal Arbitration Act. Docket Entry 54. Plaintiff

Kevin Love cross-moves to vacate that award. Docket Entry 57. Maria Love has not directly participated in the briefing or motion practice.

For the following reasons, defendant's motion to confirm is granted and plaintiff Kevin Love's cross-motion to vacate is denied.

## FACTS

In January 2010, plaintiffs Kevin and Maria Love ("plaintiffs") entered into a motor vehicle lease agreement (the "lease agreement") for a 2010 BMW (the "car" or "vehicle") with nonparty Open Road BMW, which assigned its rights under the lease to defendant.[1] Stipulation of Uncontested Facts ("Stip.") ¶¶ 1, 3, Docket Entry 21.[2] In his complaint, plaintiff Kevin Love alleges that the car had a variety of mechanical problems and required substantial repairs. Complaint ("Compl.") ¶¶ 4, 9-15, Docket Entry 1-1. Plaintiff took the car to a repair facility in March 2012 and never regained possession of it again. Stip. ¶¶ 7-8.

The lease agreement required plaintiffs to make monthly payments. Stip., Ex. A, Lease Agreement ¶ 6, Docket Entry 21-1. Plaintiffs did so, though many of those payments were made late. Stip. ¶ 6 and Ex. C, Lease Agreement Payment Statement, Docket Entry 21-1. As a result, defendant declared plaintiffs in default and repossessed the car, sold it at a commercial auction, and claimed a deficiency balance. Compl. ¶¶ 40-41.

## PROCEDURAL HISTORY

1. The Federal Action

Plaintiff Kevin Love filed this action in the Supreme Court of New York in Richmond County, claiming a violation of the federal Fair Credit Reporting Act ("FCRA"), 29 U.S.C.

---

[1] Although Maria Love is styled in the case caption and various docket entries as a Third-Party Defendant, for the sake of simplicity she is referred to as a plaintiff in this Order.
[2] The stipulation of uncontested facts referenced in the text was submitted in connection with defendant's motion to compel arbitration.

2

§ 1681s-2, and also asserting various state law tort and contract claims. Compl. at 1, 12-20. Defendant then removed the case to this Court. Notice of Removal, Docket Entry 1. On April 28, 2016, I granted defendant leave to file a third-party complaint against Maria Love, and defendants did so, asserting a claim for breach of contract and seeking to compel arbitration and recover attorney's fees. Third-Party Complaint at 2-4, Docket Entry 34; Order dated April 28, 2016.

2. The Underlying Arbitration

Each of the parties to this action are also parties to the underlying lease agreement. Lease Agreement ¶ 1; Stip. ¶¶ 1-3. The lease agreement between the parties contains an arbitration clause, which reads as follows:

> PLEASE REVIEW - IMPORTANT - AFFECTS MY LEGAL RIGHTS
>
> NOTICE: Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial . . . .
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between me and you or your employees, agents, successors or assigns, which arise out of or relate to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third-parties who do not sign this Lease) shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action . . . .
>
> Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration; however, the governing law as to the substantive issues of the Lease and Vehicle shall be the law of the state in which this Lease was executed.

Lease Agreement ¶ 41. Invoking this clause, defendant successfully moved to compel arbitration. *See* Order to Compel Arbitration, Docket Entry 24. The parties subsequently stipulated that the claims asserted against Maria Love would be arbitrated in the same proceeding

as those involving plaintiff Kevin Love. Stipulation Regarding Referral of Third-Party Claims to Arbitration ¶ 3, Docket Entry 46.

The case then proceeded before an arbitrator selected by the American Arbitration Association ("AAA") in March and May of 2017. June 29, 2017 Letter, Docket Entry 49. On July 18, 2017, the arbitrator found in favor of defendant. The arbitrator concluded that plaintiffs Kevin and Maria Love were jointly and severally liable to defendant for a deficiency balance of $34,826.64, the amount plaintiffs owed under the lease agreement after deducting the value realized by defendant when the car was sold. The arbitrator also awarded 9 percent interest per annum on the deficiency from April 30, 2013, and $50,000 in attorney's fees. Finally, after concluding that the information reported to credit agencies by defendant about plaintiffs was "substantially accurate" and that plaintiffs presented no evidence of harm, the arbitrator denied plaintiff Kevin Love's FCRA claim. *See* Award.

Defendant now moves to confirm the arbitrator's award pursuant to 9 U.S.C. § 9. Motion to Confirm ¶¶ 26-27, Docket Entry 54. Defendant also moves under paragraph 26(e)(5) of the lease agreement for attorney's fees incurred in connection with moving to confirm the award. *Id.* ¶¶ 30-36. Plaintiff Kevin Love cross-moves to vacate the award. Docket Entry 57. Plaintiff Maria Love has not challenged the arbitrator's award or otherwise participated in the pending motion practice.

## DISCUSSION

a. Arbitration Award/Plaintiff Kevin Love.

The lease agreement provides that "any arbitration under [the] Arbitration Clause shall be governed by the Federal Arbitration Act 9 U.S.C. §1 et seq." Lease Agreement ¶ 41. Section 9 of the Federal Arbitration Act provides that "any party to the arbitration may apply to the

4

court . . . for an order confirming the award, and [that] the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [9 U.S.C.]. Federal Arbitration Act, § 1, 9 U.S.C. § 9.

Confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgement of the court." *D.H. Blair & Co., Inc., v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). In general, a court "is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Medicine*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks and citation omitted). In the award itself, the arbitrator's rationale "need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citation omitted).

A party moving to vacate an arbitrator's award "'bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law' that warrant vacatur." *Leeward*, 826 F.3d at 638 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). Section 10 of the Federal Arbitration Act provides that a court may vacate an award in the following situations:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

The Second Circuit recognizes two additional grounds for vacatur: a court may vacate an arbitration award if it was rendered in "manifest disregard" of the law or of the terms of the parties' agreements. *Tully Constr. Co., Inc. v. Canam Steel Corp.*, 684 Fed. Appx. 24, 26 (2d Cir. 2017) (internal quotation marks and citations omitted). Vacatur for manifest disregard of the law "is a doctrine of last resort, reserved for 'those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent but where none of the provisions of the [Federal Arbitration Act] apply.'" *Yosemite Ins. Co. v. Nationwide Mut. Ins. Co.*, 2016 WL 6684246, at *5 (S.D.N.Y. Nov. 10, 2016) (quoting *Duferco*, 333 F.3d at 389). This narrow ground for vacatur is available only where: (1) "the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators," (2) "the law was in fact improperly applied, leading to an erroneous outcome," and (3) "the arbitrator . . . kn[ew] of its existence, and its applicability to the problem before him." *Id*. (quoting *Duferco*, 333 at F.3d at 390) (alteration in original). The Second Circuit, however, does *not* recognize "manifest disregard of the evidence" as a grounds for vacatur. *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 91 (2d Cir. 2008), *rev'd on other grounds*, 559 U.S. 662 (2010).

Here, the arbitrator concluded that "[t]he evidence establishes that [plaintiffs] were delinquent on the payments under the lease and after abandoning the automobile at a BMW dealership (which was not owned or managed by [defendant]) the automobile was deemed repossessed by [defendant] and later sold at auction. The evidence also establishes that [defendant's] actions with respect to the sale of the car were handled in a commercially reasonable manner." Award at 1. Accordingly, the arbitrator awarded defendant the deficiency balance of $34,826.84, an amount calculated after deducting the amount realized from the sale of the vehicle, plus interest at the rate of 9 percent per annum, from April 30, 2013. *Id.* at 2.

6

Defendant also requested $141,859.88 in attorney's fees and costs. *Id.* at 1. Of that amount, $60,306.05 was related to the proceedings in this federal case that were held before the arbitration and not to the arbitration itself. The arbitrator found that the lease agreement did "not clearly allow for recovery of attorney's fees and costs associated with the Federal Court action," at least in part because the federal action primarily concerned plaintiff Kevin Love's FCRA claim. *Id.* at 2. Accordingly, the arbitrator awarded defendant fees and costs totalling $50,000. *Id.*

Finally, the arbitrator denied plaintiff Kevin Love's FCRA claim, finding "the evidence submitted . . . far from compelling." *Id.* The arbitrator found that the information defendant reported to credit agencies was "substantially accurate" and that "there [was] no evidence of harm" to plaintiffs. *Id.*

Plaintiff Kevin Love's opposition and cross-motion raise none of the grounds for vacatur available under 9 U.S.C. § 10. Rather, Love attacks the size of the award, arguing that the arbitrator "should not have granted the full amount of the award as I was not possession [*sic*] of the [car]." Affidavit of Kevin Love ("Love Aff.") ¶ 15, Docket Entry 57-2. More specifically, plaintiff Kevin Love argues that the arbitrator failed to take into account that he turned the vehicle over to mechanics for repairs, that the vehicle was not properly repaired, and that defendant eventually repossessed the car. Affirmation in Support of Notice of Cross-Motion ("Love Mem.") ¶¶ 31-34, Docket Entry 57-1. As noted above, though, even manifest disregard of the evidence is not a ground for vacatur of an arbitrator's award. *See Stolt-Nielsen SA*, 548 F.3d at 91. The arbitrator's determination of when and for how long the car was unavailable to plaintiff Kevin Love is a factual finding not to subject to review in this court. Moreover, to the extent Love argues that the arbitrator failed to account for the repossession of the car and its sale

7

by defendant, he is mistaken. The award explicitly references the "deficiency balance" due after deducting the "realized value" from the sale of the car. Award at 1.

Plaintiff Kevin Love also seeks vacatur of the arbitrator's award dismissing his FCRA claim. Love Mem. ¶ 46. Love's argument in support of vacatur is not clearly stated; he argues both that defendant failed to report that it was in possession of the car, and that defendant wrongfully "continued to report the repossession." Love Aff. ¶¶ 17-18. In any event, whether the reporting by defendant was accurate or caused plaintiffs harm is, like the amount owed, a factual question that was determined by the arbitrator based upon the evidence. Even if those determinations were made in error, they provide no basis for vacating the award or declining to confirm it.

b. Arbitration Award/Plaintiff Maria Love.

As noted above, the Clerk of Court entered a certificate noting the default of Maria Love on June 22, 2016. Docket Entry 43. Subsequently, the parties stipulated that defendant's claims against Maria Love would be heard in the underlying arbitration and that Maria Love would be represented by counsel for plaintiff Kevin Love, Richard Luthmann. Stipulation Regarding Referral of Third-Party Claims to Arbitration ¶ 3, Docket Entry 46. The award thus imposes joint and several liability on plaintiffs.

Although she was apparently represented in connection with the arbitration, plaintiff Maria Love has not submitted any opposition to defendant's motion to confirm the arbitration award. An unopposed motion to confirm an arbitration award should be treated "as akin to a motion for summary judgement based on the movant's submissions." *D.H. Blair*, 462 F.3d at 109; *Trs. of the New York City Dist. Council of Carpenters Pension Fund v. Interior Cinema Inc.*, 2017 WL 4444525, at *2-3 (S.D.N.Y. Oct. 4, 2017) (treating an unopposed motion to

8

confirm an arbitration award as an unopposed motion for summary judgement under Federal Rule of Civil Procedure 56).

Based on defendant's motion and the accompanying arbitration order, I conclude that there are no triable issues of material fact and that defendant is entitled to judgement as a matter of law. The defendant's submissions, and in particular the lease agreement itself and the arbitrator's award, clearly demonstrate the following: (1) that plaintiffs Maria and Kevin Love were parties to the lease agreement; (2) that plaintiffs were delinquent on the payments due to defendant under the lease agreement; (3) that the lease agreement required the parties to resolve their disputes via arbitration; (4) that a deficiency balance of $34,826.84 was due and owing after deducting the proceeds realized when the car was sold; and (4) that the lease agreement provided for recovery of attorney's fees incurred as result of efforts to collect sums due under the lease. Award at 1-2.

   c. Attorney's Fees.

In general, the American Rule precludes a "prevailing party from recovering attorneys' fees except where such an award is authorized by 'agreement between parties, statute, or court rule.'" *New York City Dist. Council of Carpenters Pension Fund v. Timberline Interiors, Inc.*, 2011 WL 6425098, at *3 (S.D.N.Y. Aug. 24, 2011) (quoting *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003)). In the context of proceedings brought to confirm arbitration awards, "it is well established law that if the underlying agreement provides for attorneys' fees, the prevailing party will be awarded such fees." *Timberline*, 2011 WL 6425098, at *3

Defendant seeks $12,690.02 in attorney's fees and costs, comprised of $7,066.32 incurred to prepare defendant's motion to confirm and $5,623.70 incurred to oppose plaintiff Kevin

Love's cross-motion to vacate. Motion to Confirm ¶¶ 33-36; Maider Affidavit in Opposition to Cross-Motion ("Maider Aff."), Docket Entry 58-1, ¶¶ 14-15, 21-22. These figures are supported by contemporaneously prepared invoices that defendant has submitted to the Court. Motion to Confirm, Ex. E, Docket Entry 54-1 at ECF pages 22-26; Maider Aff., Ex. C, Docket Entry 58-4, at ECF pages 34-36. The invoices indicate that counsel billed at the reasonable rate of $310 per hour. Plaintiff Kevin Love does not specifically challenge defendant's application for fees.

Paragraph 26(e)(5) of the lease agreement provides for "all fees and costs of collections, including reasonable attorneys' fees, court costs, interest, and other related expenses for all losses [defendant] incur[s] in connection with [plaintiffs'] default of [the] Lease." Lease Agreement ¶ 26. Thus, the lease agreement between the parties clearly provides for the award of attorney's fees in the instant action. Accordingly, I find that defendant is entitled to recover a total of $12,690.02 in attorney's fees incurred as a result of its collection efforts under the lease agreement. *See, e.g.*, *Universal Comput. Services., Inc. v. Dealer Services, Inc.*, 2003 WL 21685567, at *2-3 (E.D.N.Y. July 18, 2003) (awarding fees where contract stated that parties were entitled to "any and all expenses . . . including reasonable attorney's fees [incurred] in collection of amounts due under this agreement" (alteration in original)).

## CONCLUSION

For the above reasons, I grant defendant's motion to confirm the arbitration award with respect to both plaintiffs, and deny plaintiff Kevin Love's cross-motion to vacate. Accordingly, judgment shall enter in favor of defendant BMW Financial Services, NA, LLC and against plaintiffs Kevin B. Love and Maria Love, jointly and severally, for $34,826.84 owed under the lease agreement, together with prejudgment interest at 9 percent per annum to be calculated by the Clerk of Court from April 30, 2013 to the date of entry of judgement; $50,000 in attorney's

fees awarded by the arbitrator; and $12,960.02 in attorney's fees and costs incurred in connection with defendant's motion to confirm and its opposition to plaintiff Kevin Love's cross-motion. The Clerk of Court is respectfully requested to enter judgment accordingly.

SO ORDERED.

*Steven M. Gold*
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 12, 2017

*Lovev.BMW_15CV0124_OrdertoConfirmArbitrationFINALv2.docx*